UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marvin Burris, | ) | Civil Action No.: 4:17-cv-02681-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CSX Transportation Company, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R") of United States Magistrate Judge Thomas E. Rogers, III, made in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(g) (D.S.C.). *See* ECF No. 19. The Magistrate Judge recommends that the Court grant Defendant's motion to dismiss Plaintiff's Title VII[1] and ADEA[2] claims for insufficient service of process pursuant to Federal Rule of Civil Procedure 12(b)(5).[3] *Id.* at p. 5.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*

[2] Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.*

[3] The R & R indicates the dismissal should be *with* prejudice, stating "dismissal without prejudice would be futile because the ninety day statute of limitations on Plaintiff's Title VII and ADEA claims has expired." R & R at p. 5. Plaintiff did not object to this proposed finding.

Neither party has filed objections to the R & R, and the time for doing so has expired.[4] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having thoroughly reviewed the record, the Court finds no clear error and therefore adopts and incorporates by reference the Magistrate Judge's R & R [ECF No. 19]. Accordingly, the Court **GRANTS** Defendant's motion for partial dismissal [ECF No. 4] and **DISMISSES** Plaintiff's Title VII and ADEA claims (Counts I, II, and III of the complaint) *with prejudice.* This case remains pending as to Plaintiff's claims under 42 U.S.C. § 1981 (Count IV of the complaint).

**IT IS SO ORDERED.**

Florence, South Carolina  s/ R. Bryan Harwell
April 6, 2018  R. Bryan Harwell
United States District Judge

---

[4] Objections were due by March 28, 2018. *See* ECF No. 19.